```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

ENFENDIEU BULTUMER,           )
          Petitioner,         )
                              )
     v.                       )    C.A. No. 04-10695-WGY
                              )
IMMIGRATION AND NATURALIZATION)
SERVICE                       )
          Respondent.         )
```

MEMORANDUM AND ORDER

Now before the Court is petitioner's Motion for Stay of Deportation. For the reasons set forth below, the Court defers ruling on the motion and directs (1) Mr. Bultumer to inform the Court whether he wishes to file a Section 2241 habeas petition, and if so, to file such petition within 21 days; and (2) the Clerk to serve a copy of the motion on the government.

BACKGROUND

On March 30, 2004, petitioner, a citizen of Haiti now detained at the Suffolk County Jail and House of Correction,[1] filed a pleading entitled Motion for Stay of Deportation ("Motion"). The Motion states that (1) Mr. Bultumer is under a final order of deportation; (2) the Board of Immigration Appeals dismissed his appeal on March 16, 2004; (3) Mr. Bultumer is asking for "C.A. No. 04-10138-REK to be opened;" and (4) he seeks a stay

---

[1] Although petitioner identifies the respondent as the Immigration and Naturalization Service ("INS"), the Court notes that the INS was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002).

until his state criminal appeal is exhausted.  <u>Id.</u>

Although Mr. Bultumer's motion was originally filed in his pending Section 2254 habeas corpus action <u>Bultumer v. Cabral</u>, C.A. No. 03-12561-REK, the Court directed the assignment of a new civil action number.  The case was directly assigned to the undersigned pursuant to Local Rule 40.1(G)(1) as related to <u>Bultumer v. United States</u>, C.A. No. 02-11767-WGY (§ 2241 habeas action).  The Court's records indicate that C.A. No. 02-11767-WGY was dismissed on September 24, 2002 for failure to exhaust administrative remedies and because the complaint raised no colorable claim.

DISCUSSION

Mr. Bultumer asserts that the Board of Immigration Appeals dismissed his appeal and that he is waiting for a decision from the Massachusetts state courts concerning his criminal conviction.  <u>See</u> Motion.  He seeks to have this Court issue a stay of deportation pending until his criminal appeal is decided by the Massachusetts courts.

To the extent Mr. Bultumer seeks to challenge the dismissal of his appeal by the Board of Immigration Appeals, such an appeal must be taken to the court of appeals for the circuit in which the immigration judge completed the proceedings.  <u>See</u> 8 U.S.C. § 1252(b)(2) (petition for review

of final order of removal filed in court of appeals).  This Court lacks jurisdiction to directly review questions of law or fact relating to petitioner's removal proceedings.  See 8 U.S.C. 1252(b)(9); Sousa v. Reno, 135 F. Supp. 2d 75, 78 (D. Mass. 2001) (court of appeals has exclusive jurisdiction to review removal proceedings under Section 1252(b)(9)).

To the extent petitioner seeks to assert a constitutional challenge to his removal or deportation, he has failed to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Although Mr. Bultumer now seeks a stay of the execution of his deportation order, he has only filed a motion and not a habeas petition.

## ORDER

Accordingly, it is hereby

ORDERED, Mr. Bultumer shall inform the Court whether he wishes to file a Section 2241 habeas petition, and if so, he shall file such petition within 21 days from the date of this Memorandum and Order accompanied by the $5.00 filing fee or an Application to Proceed Without Prepayment of Fees; and it is further

ORDERED, the Court defers ruling on the Motion for Stay of Deportation; and it is further

ORDERED, the Clerk shall serve a copy of the Motion for Stay of Deportation on the office of the United States Attorney AND

Frank Crowley, Department of Homeland Security, Special Assistant United States Attorney, P.O. Box 8728, JFK Station, Boston, MA  02114; and it is further

ORDERED, the United States provide the Court with at least 48 hours advance notice of any scheduled deportation or removal of petitioner.

SO ORDERED.

Dated at Boston, Massachusetts, this 5th day of April, 2004.

s/ William G. Young
WILLIAM G. YOUNG
CHIEF JUDGE
UNITED STATES DISTRICT COURT
