```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS

ENFENDIEU BULTUMER,              )
                                 )
        Petitioner               )
                                 )
    v.                           )    Civil Action No.
                                 )    04cv10695-WGY
IMMIGRATION AND NATURALIZATION   )
SERVICE,                         )
                                 )
        Respondent               )
```

RESPONDENT'S RETURN AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS, OR TRANSFER
<u>UNDER 28 U.S.C. § 1631 TO CURE WANT OF JURISDICTION</u>

**SUMMARY STATEMENT OF CASE**

Respondent[1] moves to dismiss this action pursuant to Fed. R. Civ. P. rules 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim upon which relief may be granted.  Petitioner's final administrative order of removal was entered March 16, 2004, by the Board of Immigration Appeals ("BIA")[2] and petitioner's challenge of the order was required to have been filed at the First Circuit Court of Appeals within 30 days of that date. 8 U.S.C. §§ 1252(b)(1), (2). Petitioner failed to file for such review at the circuit court.

---

[1] The responsive official of the Department of Homeland Security having control of petitioner's immigration custody in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

[2] <u>See</u> the attachment to petitioner's Motion for Stay of Deportation.

1

However, and alternatively, because pro se petitioner's original filing in this Court was on March 30, 2004, and therefore within the statutory 30-day window for petition for judicial review of the March 16, 2004, BIA decision at the First Circuit, this Court could transfer the matter to the First Circuit Court of Appeals under 28 U.S.C. § 1631 "to cure want of jurisdiction", thereby preserving the filing date in the instant action as a filing date in the court of appeals. See Batista v. Ashcroft, 270 F.3d 8, 12 (1st Cir. 2001) ("Because Batista filed his habeas petition with the district court within the time permitted for filing a petition for review of the removal order in this court, the district court's transfer of Batista's petition to us under § 1631 was proper.").

## FACTS AND CASE BACKGROUND

Petitioner is a native and citizen of Haiti who entered the United States on September 14, 1990, at Miami, Florida as a stowaway. Petitioner's status was adjusted to that of an alien lawfully admitted for permanent residence on December 20, 1993. On May 29, 1997, petitioner was convicted in the Brockton District Court, Brockton, Massachusetts, for the offense of Possession of a Class B Controlled Substance, in violation of Massachusetts law.

Removal proceedings were brought against petitioner by administrative Notice to Appear issued by the INS dated December

28, 1999, as amended on December 11, 2000, by the INS.[3] That Notice to Appear as amended charged petitioner as being removable under 8 U.S.C. §§ 1227(a)(2)(A)(ii) and (iii) as an alien who has been after entry a drug addict or drug abuser, and as an alien convicted of an "aggravated felony" as that term is defined under 8 U.S.C. §§ 1101(a)(43)(B)(convicted of illicit trafficking in a controlled substance), respectively.[4]

In removal proceedings scheduled for September 18, 2001, petitioner failed to appear as scheduled and was ordered removed to Haiti by the Immigration Judge.[5]  However, petitioner moved for reopening of his removal case, which was granted by the

---

[3] Deportation proceedings were initially brought against petitioner in September 1990, but upon INS motion those proceedings were terminated and remanded on December 8, 1993, to the INS for the INS adjudication of petitioner's adjustment of status.  Petitioner's subsequent criminal conviction triggered the new removal proceedings.

[4] These two charges were later withdrawn or not sustained in reopened proceedings before the Immigration Judge. The Department of Homeland Security amended the charging administrative document (Notice to Appear) in reopened removal proceedings to charge removability under 8 U.S.C. § 1227(a)(2)(B)(i), as an alien convicted of a violation of a law relating to a controlled substance.  This was the only charged sustained by the September 12, 2003, removal order of the Immigration Judge.

[5] This Court has already dismissed a previous habeas petition filed by petitioner in No. 02cv11767-WGY (D. Mass.).  In that action the Court allowed the motion to dismiss filed by the former Immigration and Naturalization Service, determining that because the instant petitioner had failed to exhaust his administrative remedies the Court lacked subject matter jurisdiction and, in any event, that no colorable claim was raised. Since that 2002 dismissal, however, petitioner's administrative was resurrected again, and has now resulted in the March 16, 2004, final administrative removal order of the BIA. Petitioner also has a section 2254 habeas petition challenging his 1997 criminal conviction; that matter is pending before Judge Keeton's session in No. 03cv12561-REK (D. Mass.).

Immigration Judge.  Removal proceedings resumed before the Immigration Judge in which petitioner's applications for relief from removal were heard and denied.  See Attachment A, Decision of the Immigration Judge.  Petitioner appealed the removal order administratively to the BIA, which dismissed the appeal by written decision date March 16, 2004.  See Attachment to petitioner's Motion for Stay of Deportation, filed March 30, 2004.

Petitioner did not file any petition for judicial review of his March 16, 2004, removal order at the First Circuit Court of Appeals, but did file a pro se action in the district court on March 30, 2004.

Petitioner, a native and citizen of Haiti, was released from respondent's custody on June 16, 2004, pending sufficient regularization of travel to Haiti to allow enforcement of his removal order.

**ARGUMENT**

I.  HABEAS CORPUS REVIEW OF PETITIONER'S REMOVAL ORDER IS BARRED FOR FAILURE TO EXHAUST STATUTORILY PRESCRIBED JUDICIAL REVIEW, BUT THE COURT MAY TRANSFER HIS CASE TO THE FIRST CIRCUIT COURT OF APPEALS UNDER 28 U.S.C. § 1631 TO CURE WANT OF JURISDICTION.

Because petitioner has failed to perfect the statutorily prescribed avenue for judicial review of his BIA removal order, habeas review is barred. Foroglou v. INS, 241 F.3d 111, 115 (1st Cir. 2001) (where an alien "has had full access to this [circuit] court for direct review of orders leading to his deportation

4

. . . . under these circumstances, it is hard to view the habeas petition to the district court as anything other than an attempt, contrary to section 242(g) [8 U.S.C. § 1252(g)], to prevent the Attorney General from 'execut[ing][a] removal order[ ].'"); Arloo v. Ashcroft, 238 F.Supp.2d 381, 383 (D. Mass. 2003) (Ponsor, D.J.), ("habeas review is proper only when there is 'no other way' to present a legal challenge to a deportation order", citing Foroglou v. Reno, 241 F.3d 111, 115 (1st Cir. 2001), and "[t]his [Foroglou] holding was not affected by the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001)"). Cf. Seale v. INS, 323 F.3d 150, 154 (1st Cir. 2003) ("[g]iven the strong arguments on both sides, it is by no means a clear call whether the district court possesses jurisdiction here.").

Moreover, it has been held that failure to pursue and exhaust available review operates as a waiver of habeas review. Mattis v. Reno, et al., 212 F.3d 31, 41 (1st Cir. 2000) ("[t]raditional rules regarding exhaustion and waiver [which] govern on direct review of BIA final orders . . . . [also] hold on habeas review, which we have suggested is less broad than direct review."); Groccia v. Reno, et al., 234 F.3d 758, 762 (1st Cir. 2000) ("Conventional forfeiture rules pertain in habeas cases."). See also Laing v. Ashcroft, --- F.3d --- (9th Cir. 2004)(2004 WL 1238961, *1)(Ninth Circuit requiring "'as a prudential matter, that habeas petitioners exhaust available judicial ... remedies before seeking relief under §

2241.'"(citing Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001)); cf. Theodoropoulos v. INS, --- F.3d --- (2d Cir. 2004) (2004 WL 49118, *7) ("we hold that, by its plain language, § 1252(d)'s mandate that unless a petitioner 'has exhausted all administrative remedies available,' a 'court may [not] review a final order of removal,' []8 U.S.C. § 1252(d), applies to all forms of review including habeas corpus.").

By failing to pursue the statutorily prescribed and available statutory judicial review provided by Congress for review of his removal order, petitioner is now disentitled from habeas corpus review of his March 16, 2004, BIA removal order. However, because pro se petitioner's original filing in this Court was on March 30, 2004, and therefore within the statutory 30-day window for petition for judicial review at the circuit court of the BIA's March 16, 2004 removal order, this Court could transfer the matter to the First Circuit Court of Appeals under 28 U.S.C. § 1631 "to cure want of jurisdiction", thereby preserving the filing date in the instant action as a filing date in the court of appeals. See Batista v. Ashcroft, 270 F.3d 8, 12 (1st Cir. 2001) ("Because Batista filed his habeas petition with the district court within the time permitted for filing a petition for review of the removal order in this court, the district court's transfer of Batista's petition to us under § 1631 was proper.").

The fact that petitioner is a criminal alien does not itself bar circuit court review where petitioner appears on petition to dispute the fact of his conviction. The First Circuit Court of Appeals has held that it continues to have jurisdiction to review even criminally based deportation or removal orders where the person ordered removed disputes the fact of a conviction. See Sousa v. INA, 226 F.3d 28, 31 (1st Cir. 2000) ("INA section 242(a)(2)(C) is not a bar to our considering Sousa's claim that he is not removable as an aggravated felon."); Maghsoudi v. INS, 181 F.3d 8, 13 (1st Cir. 1999) (First Circuit recognizing its jurisdiction to determine whether alien's criminal convictions precluded review of his immigration proceedings).[6]

## II. EVEN IF HABEAS REVIEW IS AVAILABLE, PETITIONER'S CLAIMS ARE MERITLESS.

At any rate, even assuming habeas review were not barred or were otherwise available in this case, petitioner's claims on petition are incontrovertibly meritless. He appears to be arguing either that his removal order is unlawful because "there was no drugs involved in my [criminal] case", Petition at 2, and/or that his criminal conviction was not a "felony drug offense", based upon his sentence for that conviction.  Petition at 3.  However, in moving to administratively reopen his removal proceeding petitioner conceded that he had pleaded guilty to Possession of a

---

[6] Respondent does not concede any other jurisdictional issue in connection with the tenability of a petition for review by petitioner, as for example whether petitioner has adequately

Class B Controlled Substance on May 29, 1997, in the Brockton District Court, Brockton, Massachusetts.  See Attachment A, Decision of Immigration Judge, September 13, 2003, p. 3. Moreover, the Immigration Judge determined that petitioner was removable *only* upon the basis of having been convicted of a controlled substance offense, as alleged under 8 U.S.C. § 1227(a)(B)(i), and not upon the removability charge of having been convicted of an aggravated felony, as had previously been alleged.  Accordingly, the Immigration Judge's actual determination of removability was upon a charge that did not contain any "felony" offense element.

In sum, habeas review is unavailable to review the March 16, 2004, removal order because petitioner has abandoned his statutorily prescribed avenue of judicial review at the First Circuit Court of Appeals; and even if the Court had jurisdiction, the claims are meritless.  Alternatively, because pro se petitioner did attempt to seek review of his removal order by filing within the statutorily prescribed 30-day window in federal court, though at the wrong court, this Court could transfer the case to the First Circuit Court of Appeals to cure want of jurisdiction under 28 U.S.C. § 1631.[7]

---

exhausted administratively at the BIA the claims he now makes. But that is a matter for the circuit court to entertain.
[7] Respondent does not concede any jurisdictional and other arguments that may be raised in the circuit court, such as whether petitioner's present claims were adequately exhausted administratively; but that is a matter properly for the circuit

## CONCLUSION

For all the reasons set out above, the Court should dismiss the action, and deny all other relief sought, or transfer this case to the First Circuit Court of Appeals to cure want of jurisdiction, under 28 U.S.C. § 1631.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
United States Immigration &
Naturalization Service
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on June 21, 2004.

s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

---

court if pro se petitioner's mistaken filing is cured by transfer there.